HALBROOKS, Judge
(dissenting).
I respectfully dissent. In reversing Back’s conviction of culpable negligence manslaughter, the supreme court held that “[b]ecause the evidence is not sufficient to prove that Back was culpably negligent, Back’s conviction for second-degree manslaughter is reversed.” State v. Back, 775 N.W.2d 866, 872 (Minn.2009). Because Back’s judgment of conviction was not reversed, nor was a new trial .ordered, “on grounds consistent with innocence,” I would conclude that Back was not “exonerated” and is therefore not eligible for compensation under the plain language of Minn.Stat. § 590.11 (2014). I would affirm the district court’s order denying Back’s petition for an order declaring eligibility *629 for compensation. It is, therefore, unnecessary to consider Back’s equal-protection challenge to the statute.
As a threshold matter, I note that nothing in the language or structure of the compensation-eligibility statute persuades me that the legislature envisioned a multi-step screening process by the district court. I reject the majority’s characterization of Minn.Stat. § 590.11, subd. 1, which includes only definitions, as an “initial eligibility requirement.” To the extent that any “initial eligibility” determination occurs, it is by the prosecutor in deciding whether to join in the petition. Minn.Stat. § 590.11, subd. 3(a).
I also disagree with the majority’s conclusion that the phrase “on grounds consistent with innocence” in Minn.Stat. § 590.11, subd. 1(1), is ambiguous. Statutory language is only ambiguous when it is “subject to more than one reasonable interpretation.” Am. Family Ins. Grp. v. Schroedl, 616 N.W.2d 273, 277 (Minn.2000) (quotation omitted). Reading subdivision 1(1) in context, “on grounds consistent with innocence” is not subject to more than one reasonable interpretation. If the language of a statute is unambiguous, we apply its plain meaning. Brua v. Minn. Joint Underwriting Ass’n, 778 N.W.2d 294, 300 (Minn.2010). We therefore need not consider legislative intent here.[5]
It is axiomatic that “innocent” is not the same' as “not guilty.” “The constitutional necessity of proof beyond a reasonable doubt is not confined to those defendants who are morally blameless.” Jackson v. Virginia, 443 U.S. 307, 323, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979). Reversal of a conviction because the evidence does not support the charged offense therefore does not equate to blamelessness. See id. (“Under our system of criminal justice even a thief is entitled to complain that he has been unconstitutionally convicted and imprisoned as a" burglar.”).
That “actual innocence” has a special meaning in federai habeas review also supports the conclusion that a reversal for insufficient evidence does not equate to “grounds consistent with innocence.” “‘[A]ctual innocence1’ means factual innocence, not mere legal insufficiency.” Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998). The federal habeas “actual innocence” standard requires"'a showing that no reasonable juror would have convicted the petitioner and permits the court to assess newly discovered evidence and the credibility of witnesses. Schlup v. Delo, 513 U.S. 298, 329, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995). Under this strict standard, habeas petitions advancing genuine claims of actual innocence are extremely rare. Id. at 321 n. 36, 324, 115 S.Ct. at 864 n. 36, 865. The sufficiency-of-the-evidence standard, on the other hand, is limited to review*'of record evidence and deference to the fact-finder’s credibility-determinations. Id. at 330, 115 S.Ct. at 868. Because reversal of a conviction for insufficient éviderice'is'b'ased solely on the evidence adduced at trial, a reversal for insufficient evidence is not consistent with a determination that the defendant is innocent.
*630 In evaluating the meaning of “innocence,” we also construe the statute “as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations.” Schroedl, 616 N.W.2d at 277. The postconviction statute specifically provides a mechanism for obtaining relief when “scientific evidence not available at trial .,. establishes the [person’s] actual innocence.” Minn.Stat. § .590.01, subd. 1(2) (2014). To this end, the statute permits a convicted person to make a motion for the performance of fingerprint or forensic DNA testing to demonstrate the person’s “actual innocence” under certain circumstances. Id., subd. la (2014). And there is an exception to the two-year time bar for filing a petition for postconviction relief for newly discovered evidence when petitioner “establishes by a clear and convincing standard that the petitioner is innocent of the offense or offenses for which the petitioner was convicted.” Id., subd. 4(b)(2) (2014).
Further, if a. prosecutor does not join in a compensation-eligibility petition, the petitioner is only eligible for compensation “based on the establishment of innocence if the petitioner establishes that a crime was not committed or that the crime was not committed by, the petitioner.” Minn.Stat. § 590.11, subd. 3(b). In determining eligibility, the district court “may consider acts by the petitioner that may have contributed to bringing about the conviction and any other offenses that may have been committed by the petitioner in the same behavioral incident.” Id, subd. 4.
Reading Minn.Stat. § 590.11, subd. 1(1), in the context of the statute as a whole and in light of the common legal usage of “innocence,” I would conclude that the phrase “on grounds consistent with innocence” encompasses only a very narrow class of persons who can establish actual (as in factual) innocence, which does not exist here. The supreme court reversed Back’s conviction (relying largely on civil caselaw) on the ground ■ that the state failed to produce sufficient evidence to prove that Back breached any duty of care to the victim. Back, 775 N.W.2d at 866-67.[6]
Notably, Back did not raise this duty argument to the district court, to this court, or to the supreme court. Id. at 869 n. 5. The supreme court addressed the issue sua spdnte because it determined that the existence of a duty was disposi-tive. Id. (citing State v. Hannuksela, 452 N.W.2d 668, 673 n. 7 (Minn.1990)). Although appellate courts may certainly “review any other matter as the interest of justice may require,” Minn. R. CivApp. P. 103.04, reversal based on a legal theory not raised by the parties is not akin to newly discovered evidence as contemplated by the postconviction statute. Nor does the reversal of Back’s conviction mean that a crime was not committed. In short, Back was not “exonerated” by the reversal of her conviction.
Back’s conviction was reversed based on insufficient evidence of duty in the trial record and not on a showing of actual or factual innocence. Reading Minn.Stat. § 590.11 in the context of the postconviction statute as a whole, I,would conclude that when a conviction is reversed because the state failed to introduce evidence to *631 prove an element of the offense, the reversal is not “on grounds consistent with innocence.”

. Although my analysis rests on the plain and unambiguous language of the statute, so . that consideration of legislative history is not necessary, I note that my ultimate conclusion is consistent with committee testimony and floor debates. The testimony from the Innocence Project was that cases qualifying, for compensation based on exoneration would be "extremely rare.” Additionally, the compensation statute was passed in response to the reversal of two convictions based on newly discovered scientific evidence establishing that no crime was committed, supporting my narrow’reading of "grounds consistent with innocence” ’ in Minn.Stat. § 590.11, subd. 1(1).

. The majority construes the supreme court’s reversal in Back as one made "as a matter of law’’ that Back had no duty to the victim. Therefore, the majority asserts that the supreme court’s holding was based on legal impossibility and not on insufficiency of the evidence. But the supreme court held that the state could have proved that Back had a duty by demonstrating that she had a special relationship with either the victim or the individual that shot the victim — the state simply failed to "introduce any evidence to support the conclusion.” Back, 775 N.W.2d at 872.